[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 963
The plaintiffs, Majid Fateh and Landan F. Fateh, 24 Rockwood Lane Spur, Greenwich, brought this action against the defendants, Julia Bennett and Jerome Bennett, seeking to quiet title to an easement or right of way, and also requesting that an injunction issue requiring the defendants to remove a fence that the plaintiffs claimed interfered with their easement. In addition to seeking a decree quieting title and an injunction, the plaintiffs also sought "damages" and "punitive damages."
At the time the complaint was filed, the Bennetts were the owners of the alleged servient estate. The plaintiffs later cited in James B. Ardery and Wendy R. Ardery as additional defendants. The Arderys are the current owners of the alleged servient estate at 48 Pheasant Lane in Greenwich.
Plaintiffs filed an amended complaint containing four counts. The first count is an action to quiet title to an alleged easement. Plaintiffs claim that on December 6, 1976, prior owners of Lot 5, now owned by defendants Ardery, granted an easement in favor of Lot 6, owned by the plaintiffs, over a strip of land on Lot 5 that runs parallel with Lot 6, and provides access to Pheasant Lane. Use of this strip of land would provide access from Lot 6 to Pheasant Lane. Plaintiffs claim the easement was recorded. According to plaintiffs, Lot 5 was later sold to defendants Bennett and subsequently to defendants Ardery, subject to the easement at all times.
Count two of the amended complaint is a claim for injunctive relief from alleged interference with the easement. Plaintiffs claim that defendants Bennett denied access to the easement by building a fence along their right of way. Plaintiffs claim defendants Ardery knew of the pendency of this litigation when they purchased the property. Further, when asked to remove the fence, defendants Ardery refused. Plaintiffs claim that the defendants have interfered with their use and enjoyment of the easement. Plaintiffs want the court to order defendants to remove the fence, repair broken pavement, and not to interfere with the use of the easement or right of way by anyone travelling to or from plaintiffs' property.
The third count is in trespass. Plaintiffs claim defendants Bennett entered plaintiffs' property to erect the fence. Further, CT Page 964 they claim that part of the fence and part of the pavement that was dug up while building the fence was on their property. Plaintiffs want an injunction to require the removal of the encroaching fence and the replacement of the pavement.
The fourth count alleges that defendants have maliciously erected and maintained a "spite fence" in violation of General Statutes 52-570. Plaintiffs seek an injunction to require defendants to remove the fence and repair the damaged pavement.
The defendants filed a special defense claiming that plaintiffs have no right of way access to Pheasant Lane. Defendants point to the Greenwich Planning Zoning Commission's approval of the original subdivision plan that was conditioned on adherence to the driveway plan. Defendants claim the driveway plan prohibited Lot 6 from accessing Pheasant Lane. Additionally, defendants rely on the limitation on driveway access to the Rockwood Lane Spur found in the Building Permit and the Certificate of Occupancy as further proof that no right of way exists.
In addition to the special defense, defendants Ardery filed a "cross-claim" against plaintiffs. The first count is based upon an alleged irreparable injury that would occur if plaintiffs are allowed to access Pheasant Lane. The second count alleges that plaintiffs filed a lis pendens which is in violation of the law and acts as a slander to title. Defendants Ardery seek, in addition to other relief, an injunction to prohibit access to any portion of Lot 5, an injunction to order removal of the lis pendens and money damages.
Plaintiffs filed a motion for summary judgment against defendants with respect to all four counts of the amended complaint: (1) quieting title to the easement and right of way; (2) a permanent injunction enjoining defendants from obstructing the easement and right of way, and, in addition, compensatory and punitive damages; (3) damages for trespass by defendants Bennett; and (4) a permanent injunction to remove the "spite fence" as well as to award damages for its erection. In addition, plaintiffs move for summary judgment to dismiss the special defense alleged by defendants and to dismiss the "cross-claim" filed by defendants Ardery.
To enter a summary judgment pursuant to Practice Book 384, "the pleadings, affidavits and any other proof submitted [must] show that there is no genuine issue as to any material fact and CT Page 965 that the moving party is entitled to judgment as a matter of law. . . The evidence is viewed in the light most favorable to the opponent of the summary judgment." O G Industries. Inc. v. New Milford,29 Conn. App. 783, 785, ___ A.2d ___ (1992). (Internal quotes and citations omitted.)
The file reveals that the plaintiffs sold their home at 24 Rockwood Lane Spur this past October to Mason and Barbara Slaine, who were initially joined as plaintiffs in this action after their purchase of the Fateh premises. However, on November 27, 1992, the Slaines withdrew the complaint as to themselves. The Fatehs remain as plaintiffs but their requests to quiet title and obtain an injunction requiring the removal of the fence are now moot, since the Slaines are in possession of the premises and are not seeking any relief. The Fateh's claim for damages, however, remains in the case and is the subject of the pending motion for summary judgment.
The issue in this case is whether the Bennetts' predecessors in title, the owners of Lot 5, were legally authorized to grant an easement permitting the Fatehs to use the driveway in question to access Pheasant Lane when the Planning Zoning Commission had previously approved a subdivision plan requiring Lot 6 to use only Rockwood Lane Spur. The plaintiffs claim that the Commission's intent in approving the subdivision and the Town of Greenwich's issuance of a building permit and certificate of occupancy both showing access only to Rockwood Lane was not to prevent them from using their easement to access Pheasant Lane. The defendants point out that the Commission denied a resubdivision request by the Fatehs seeking access over the driveway to Pheasant Lane.
The issue of the intent of the Commission is not amenable to summary judgment process, but rather requires a full scale hearing to ascertain this intent. Thus, there is a genuine issue of material fact preventing summary judgment. In addition, there are other unresolved issues in this case, including whether the intent of the defendants in erecting and maintaining the fence was such as to satisfy the definition of "spite fence".
The plaintiffs' motion for summary judgment is therefor denied.
So Ordered.
Dated at Stamford, Connecticut, this 11 day of January, 1993. CT Page 966
WILLIAM B. LEWIS, JUDGE